Alexander RODRIGUEZ, Plaintiff,

v.

AUTO SALES, INC., Defendant.

No. 3:06cv1548 (JBA).

United States District Court,
D. Connecticut.

March 7, 2007.

Thomas C. Thornberry, Thornberry & Forman LLC, Stratford, CT, for Plaintiff.

### RULING ON MOTION FOR DEFAULT JUDGMENT
### [DOC. # 8]

ARTERTON, District Judge.

Plaintiff Alexander Rodriguez initiated this action asserting violations of the Truth in Lending Act, 15 U.S.C. § 1601 et *seq.*, the Motor Vehicle Information and Cost Saving Act (the "Odometer Law"), 49 U.S.C. § 32701 *et seq.*, and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 41–110a *et seq.*, arising out of plaintiff's entrance into a consumer credit transaction with defendant Auto Sales, Inc., in July 2006, for purposes of buying a car. Compl. [Doc. # 1]. Defendant having failed to timely appear, answer, or otherwise respond to the Complaint, default was entered on February 13, 2007, and plaintiff thereafter filed the instant Motion for Default Judgment [Doc. # 8].

■ Upon entry of default, the Court accepts as true all of the factual allegations of the Complaint, except those relating to damages. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981). Here, the allegations of plaintiff's Complaint establishes liability on each of the three counts.

### *The Truth in Lending Act (Count 1)*

The Truth in Lending Act, 15 U.S.C. § 1640, provides for a private right of action for damages where a creditor fails to make disclosures required by the Act, 15 U.S.C. § 1638. "Creditor" is defined by the Act as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f).

■ Here, plaintiff alleges that defendant is a "creditor" under the Act, that defendant "regularly extended consumer credit, which were payable in more than four installments," and that plaintiff's was indebted to defendant. Compl. ¶¶ 6–8.

Plaintiff also alleges violations of the disclosure requirements of the Act, *i.e.* failure to "disclose the correct amount of the payment due at inception or [ ] fail[ure] to provide accurate close-end disclosures before consummation" and "fail[ure] to provide written disclosure in a form plaintiff may keep." *Id.* ¶¶ 9–10. Accordingly, deeming plaintiff's allegations admitted, liability on Count 1 is established.

### *Odometer Law (Count 2)*

█ The Odometer Law "requires all persons transferring a motor vehicle to give an accurate, written odometer reading to the purchaser or recipient of the transferred vehicle." *Diersen v. Chicago Car Exchange*, 110 F.3d 481, 483 (7th Cir. 1997). 49 U.S.C. § 32710, which creates a private right of action for violations of the Odometer Law, requires violation with "intent to defraud."

█ Here, plaintiff alleges a violation of the Odometer Law by defendant's "issu[ing] to plaintiff an odometer statement which it knew was false or had reason to know was false," or by failing to issue any odometer statement, and plaintiff also alleges that defendant "so acted with intent to defraud plaintiff." Compl. ¶¶ 13–14. Accordingly, plaintiff's allegations, which are deemed admitted, establish liability on Count 2.

### *CUTPA (Count 3)*

█ To establish a CUTPA violation, a plaintiff must show that the defendant engaged in "unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen.Stat. § 42–110b(a). "It is not necessary that the conduct at issue violate some other law to constitute a CUTPA violation, but the plaintiffs must prove wrongful conduct." *Edmands v. Cuno, Inc.*, 277 Conn. 425, 892 A.2d 938, 954 (2006).

It is well settled that in determining whether a practice violates CUTPA [Connecticut courts] have adopted the criteria set out in the cigarette rule by the Federal Trade Commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businesspersons.... All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.

*Id.* at 955 n. 16 (internal quotations and alterations omitted).

█ Plaintiff has alleged commission by defendant of the unfair trade practice of "failing to disclose to plaintiff the accurate financial terms of the transaction," "failing to provide plaintiff with a copy of the Retail Installment Contract, failing to provide plaintiff with an accurate odometer statement or [ ] not providing plaintiff with an odometer statement, failing to provide plaintiff with a buy/sell agreement, failing to provide plaintiff with a bill of sale, [and] eliciting [his] agreement to the transaction by making deceptive representations." Compl. ¶¶ 17–18. Thus, plaintiff articulates a practice which offends the public policy established by, *inter alia*, the Truth in Lending Act and the Odometer Law, and thereby establishes liability on Count 3.

*Damages*

██ While the Truth in Lending Act and the Odometer Law both provide for awards of statutory damages, they and the CUTPA also provide for awards of actual damages. Moreover, even the award of statutory damages requires some factual findings in these circumstances (in the case of the Truth in Lending Act, determination of the amount of any finance charge in connection with the transaction, *see* 15 U.S.C. § 1640(a)(2), and in the case of the Odometer Law, a determination of which would result in the larger award, 3 times the actual damages or $1,500, *see* 49 U.S.C. § 32710(a)). Accordingly, the Court will refer this action to Magistrate Judge Joan Glazer Margolis for a hearing on damages and attorneys fees and costs.

Thus, plaintiff's Motion for Default Judgment [Doc. # 8] is GRANTED and judgment shall enter in his favor. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.